**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:  February 5, 2010

Courtroom Deputy:  Bernique Abiakam
Court Reporter:    Suzanne Claar
Interpreter:       Melinda Gonzalez-Hibner
Probation Officer: Grant Hanson

**Criminal Action No.: 09-cr-00349-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Ivan Gardzelewski |
|  | John Canedy |
| Plaintiff, |  |
| v. |  |
| SANDRO LEONEL ROSALES-ANARIVA, | Virginia Grady |
| Defendant. |  |

**SENTENCING MINUTES**

**1:35 p.m.     Court in session.**

Court calls case.  Appearances of counsel.

Defendant is present in custody.

Parties stipulate as to interpreter's qualifications; Interpreter is sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum/addenda.

*09-cr-00349-REB*
*Sentencing*
*February 5, 2010*

Counsel for the government confirms that counsel has read the presentence report and addendum/addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum/addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence(s).

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of

*09-cr-00349-REB*
*Sentencing*
*February 5, 2010*

        18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2 and 2a is formally approved;

2. That the Motion For Below-Guideline Statutory Sentence (Filed 1/22/10; Doc. No. 21) is DENIED.

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **30 months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **3 years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and

*09-cr-00349-REB*
*Sentencing*
*February 5, 2010*

        imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

    - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. §3581;

11. That the defendant is remanded to the custody of the United States Marshal

*09-cr-00349-REB*
*Sentencing*
*February 5, 2010*

The Defendant waives formal advisement of appeal.

**2:09 p.m.     Court in recess.**
Hearing concluded.
Total time in court: 34 minutes.